**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

BILLY CHANCEY,

Plaintiff,

v.

TRINITY KITCHEN,

Defendant.

Case No. 2:24-cv-02199-RFB-NJK

**SCREENING ORDER**

*Pro se* Plaintiff Billy Chancey, who is currently incarcerated in the custody of the Nevada Department of Corrections, brings this civil-rights action under 42 U.S.C. § 1983 regarding events that allegedly occurred at his prior place of incarceration: the Clark County Detention Center ("CCDC"). On September 29, 2025, the Court issued an order screening Mr. Chancey's civil-rights complaint under 28 U.S.C. § 1915A. See generally Order, ECF No. 4 (Sep. 29, 2026). The Screening Order deferred a decision on Mr. Chancey's application to proceed *in forma pauperis* ("IFP"), dismissed the complaint, and granted leave to file an amended complaint. See generally id. Mr. Chancey then filed two identical motions for leave to amend, both of which attached the same amended complaint ("FAC"). See generally Mot. for Leave to File, ECF No. 6 (Oct. 23, 2025); Mot for Leave to Amend, ECF No. 7 (Oct. 30, 2025). The Court grants the first motion to amend, denies the second motion as moot, screens the FAC under 28 U.S.C. § 1915A, and addresses the IFP application.

## I. FACTUAL ALLEGATIONS

The events of the FAC happened between August 2023 and May 2024, while Mr. Chancey was incarcerated at CCDC pending trial. See Civil Rights Compl. 2–3, ECF No. 6-1 (Oct. 23,

2025) [hereinafter, "FAC"]. Mr. Chancey alleges that Defendant Trinity Kitchen was responsible for preparing meals during this time. See id. at 2. No inmates were allowed in the kitchen to observe the meals being prepared, and Mr. Chancey "presumed [their] food was being shortened." Id. at 3. Mr. Chancey wanted to test this presumption by comparing the food actually served to a scheduled menu, so he requested a food menu from Trinity Kitchen through the CCDC kiosk. See id. His request was denied. See id. Chancey also filed a grievance and a "public records request" seeking access to a menu, and they were both denied as well. (Id.).

## II. SCREENING STANDARD

Federal courts must conduct a preliminary screening in any case in which an incarcerated person seeks redress from a governmental entity or an officer/employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the Court must identify cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See id. §§ 1915A(b). *Pro se* pleadings, however, must be construed liberally. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States and (2) that the alleged violation was committed by a person acting under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, the Prison Litigation Reform Act requires a federal court to dismiss an incarcerated person's claim if "the allegation of poverty is untrue" or if the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim is provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same standard under § 1915 when reviewing the adequacy of a complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear

from the face of the complaint that the deficiencies cannot not be cured by amendment. See Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. See Chappel v. Lab. Corp. of Am., 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if the plaintiff clearly cannot prove any set of facts that would entitle them to relief. See id. at 723–24. In making this determination, the Court takes as true all allegations of material fact stated in the complaint, and the Court construes them in the light most favorable to the plaintiff. See Warshaw v. Xoma Corp., 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. See Hughes v. Rowe, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. See id.

A reviewing court should "begin by identifying [allegations] that, because they are no more than conclusions, are not entitled to the assumption of truth." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. (citation omitted).

All or part of a complaint filed by an incarcerated person may, therefore, be dismissed *sua sponte* if the claims lack an arguable basis either in law or in fact. This includes claims based on untenable legal conclusions (*e.g.*, claims against defendants who are immune from suit or claims of infringement of a legal interest that clearly does not exist) or fanciful factual allegations (*e.g.*, fantastic or delusional scenarios). See Neitzke v. Williams, 490 U.S. 319, 327–28 (1989).

## III. DISCUSSION

Based on the allegations in the FAC, Mr. Chancey brings a Fourteenth Amendment equal protection claim against Defendant Trinity Kitchen. Furthermore, Mr. Chancey also checked a box which states that this case involves a "public records request denial;" accordingly, the Court assumes he is also bringing a freestanding denial of records claim. See Hughes v. Rowe, 449 U.S. 5, 9 (1980). Mr. Chancey seeks damages and injunctive relief. The Court addresses his claims below.

### A. EQUAL PROTECTION CLAIM

The Equal Protection Clause of the Fourteenth Amendment requires that all similarly situated persons be treated equally under the law. See City of Cleburne, Tex. v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985). To state an equal protection claim, a plaintiff must allege facts demonstrating that: (i.) defendants acted with the intent, and purpose, to discriminate based upon the plaintiff's membership in a protected class or (ii.) defendants purposefully treated the plaintiff differently than similarly situated individuals without any rational basis for doing so. See Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001); Vill. of Willowbrook v. Olech, 528 U.S. 562, 564 (2000).

In Olech, the Supreme Court explicitly addressed "whether the Equal Protection Clause gives rise to a cause of action on behalf of a 'class of one' where the plaintiff did not allege membership in a class or group." Olech, 528 U.S. at 564 (citation omitted). The Supreme Court ruled in the affirmative and "recognized successful equal protection claims brought by a 'class of one,' where the plaintiff alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." Id. (citations omitted). The Supreme Court held that "[t]he purpose of the equal protection clause of the Fourteenth Amendment is to secure every person within the State's jurisdiction against intentional and arbitrary discrimination, whether occasioned by express terms of a statute or by its improper execution through duly constituted agents." Id. (alteration in original) (citation omitted).

A person cannot state an equal protection claim merely by dividing all persons not injured into one class and alleging that they received better treatment than the plaintiff did. See Thornton v. City of St. Helens, 425 F.3d 1158, 1167 (9th Cir. 2005). The Fourteenth Amendment's Equal Protection Clause does not require that states treat all persons within their borders identically. See McGowan v. Maryland, 366 U.S. 420, 425 (1961) ("[T]he Fourteenth Amendment permits the States a wide scope of discretion in enacting laws which affect some groups of citizens differently than others" so long as the classification does not rest on grounds "wholly irrelevant to the achievement of the State's objective."); Hartmann v. Cal. Dep't of Corr. & Rehab., 707 F.3d 1114, 1123 (9th Cir. 2013). Furthermore, to state a class-of-one equal protection claim, a plaintiff must identify the group of individuals with whom the plaintiff is similarly situated, identify the allegedly intentional/disparate treatment, and allege that there was no rational basis for this treatment. See Gerhart v. Lake Cnty., Mont., 637 F.3d 1013, 1022 (9th Cir. 2011). "Similarly situated" persons are those "who are in all relevant respects alike." Nordlinger v. Hahn, 505 U.S. 1, 10 (1992) (citation omitted).

The Court finds that Mr. Chancey fails to state a colorable equal protection claim. Mr. Chancey alleges that Trinity Kitchen denied a "public records request" to provide him menus, which he intended to use to determine if CCDC residents were actually receiving the food they were scheduled to receive. But Mr. Chancey does not allege that Trinity Kitchen—or any other person or entity affiliated with CCDC—either (i.) discriminated against him because of his membership in a protect class or (ii.) deliberately treated him differently than a similarly situated individual without any rational basis for doing so. Indeed, as framed in the FAC, it is unclear how the alleged refusal to provide Mr. Chancey with menus implicates equal protection principles in any way.

In the Screening Order, the Court pointed to Mr. Chancey's *pro se* status when it granted him leave to bring an equal protection claim in an amended complaint; at that time, it did not appear to the Court that Mr. Chancey would be able to state such a claim. See Order 8–9, ECF No. 4 (Sep. 29, 2025). Now, having reviewed the equal protection claim in the FAC, it is clear that Mr.

Chancey cannot state an equal protection claim in this case. Therefore, the Court dismisses this claim with prejudice. See Leadsinger, Inc. v. BMG Music Pub., 512 F.3d 522, 532 (9th Cir. 2008) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962) ("The decision of whether to grant leave to amend nevertheless remains within the discretion of the district court, which may deny leave to amend due to ' . . . repeated failure to cure deficiencies by amendments previously allowed . . . .'")); Lathus v. City of Huntington Beach, 56 F.4th 1238, 1243 (9th Cir. 2023) (quoting Thinket Ink Info. Res., Inc. v. Sun Microsystems, Inc., 368 F.3d 1053, 1061 (9th Cir. 2004) ("[D]enying leave [to amend] is not an abuse of discretion if 'it is clear that granting leave to amend would have been futile.'")).

### B. DENIAL OF PUBLIC RECORDS REQUEST

The Court also finds that Mr. Chancey fails to state a freestanding claim based on the alleged denial of his public records request. Mr. Chancey does not explain what authority he relied on to make this request. If Mr. Chancey is alleging that someone improperly denied a public records request he made pursuant to a state law, then he fails to state a colorable claim because "Section 1983 requires [a plaintiff] to demonstrate a violation of federal law, not state law." Galen v. Cnty. of Los Angeles, 477 F.3d 652, 662 (9th Cir. 2007) (citing Sweaney v. Ada Cnty., Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997)); see also Hammerlord v. Elliott, No. 23cv663-JO-KSC, 2023 WL 3940109, at *2 (S.D. Cal. June 9, 2023) ("[T]he refusal to provide public records is not a constitutional violation."). And if Mr. Chancey is alleging that his request for menus was denied as part of the CCDC grievance process, then he fails to state a colorable claim because there is no "separate constitutional entitlement to a specific prison grievance procedure." See Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)). The Court therefore dismisses any freestanding claim based on the denial of a public records request with prejudice, as amendment would be futile.

///

///

///

### C. Motion to File Electronically

Mr. Chancey has filed a motion seeking permission to register for electronic case filing. See generally Mot. for *Pro Se* Litigant to File Electronically, ECF No. 9 (Jan. 20, 2026). In light of this dismissal order, the Court denies the motion as moot.

## IV. CONCLUSION

Therefore, **IT IS HEREBY ORDERED** Plaintiff Billy Chancey's first motion for leave to amend (ECF No. 6) is **GRANTED**. The Clerk of Court is kindly instructed to file the FAC (ECF No. 6-1).

**IT IS FURTHER ORDERED** the FAC (ECF No. 6-1) is **DISMISSED** with prejudice for failure to state a claim, as amendment would be futile.

**IT IS FURTHER ORDERED** Plaintiff's second motion for leave to amend (ECF No. 7) is **DENIED** as moot.

**IT IS FURTHER ORDERED** Plaintiff's motion to register for electronic case filing (ECF No. 9) is **DENIED** as moot.

**IT IS FURTHER ORDERED** Plaintiff's IFP application (ECF No. 1) is **DENIED** as moot.

**IT IS FURTHER CERTIFIED** that any appeal from this order would not be taken "in good faith" under 28 U.S.C. § 1915(a), so the Court will not grant Mr. Chancey IFP status on any appeal.

The Clerk of Court is kindly instructed to enter judgment accordingly and to close this case.

**DATED:** September 24, 2026



**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**